JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-106-JST (MLGx)                                Date:  April 11, 2012
Title:  Ella Bessie Staes Fry v. America's Servicing Company, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                                       N/A
    Deputy Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 15)**

     Before the Court is a Motion to Remand filed by Plaintiff Ella Bessie Staes Fry ("Plaintiff").  (Mot., Doc. 15.)  Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and US Bank National Association, as Trustee for Suisse First Boston CSFB ARMT 2-006-1 ("US Bank") (collectively, "Removing Defendants") filed an Opposition on February 24, 2012.  (Opp'n, Doc. 17.)  Having taken the matter under submission and read and considered the papers, the Court GRANTS Plaintiff's Motion to Remand.

     Removing Defendants removed this action from the Riverside County Superior Court on the basis of diversity jurisdiction.  (Notice of Removal at 3-7, Doc. 1.)  In their Notice of Removal, Defendants assert that Plaintiff is a citizen of California (*id.* at 3), and that none of the Defendants are citizens of California (*id.* at 3-5).  Specifically, Removing Defendants assert that a "national bank is located, for diversity jurisdiction purposes, only in the state designated as its main office (and not in every state where it has branch offices)."  (*Id.* at 4.)  Using this definition, Removing Defendants assert that Wells Fargo is a citizen of South Dakota, US Bank is a citizen of Ohio, and Defendant JP Morgan Chase, N.A. is a citizen of Ohio.  (*Id.* at 3-5.)  The Court agrees that a national bank is not located, for diversity jurisdiction purposes, in every state where it has branch offices.  However, the Court disagrees with the assertion that a national bank is *only* a citizen of the state designated as its main office.  For the reasons set forth below, the Court concludes that a national bank is also a citizen of the state in which its principal place of business is located.  Accordingly, Wells Fargo is a citizen of California, and therefore, the requirement of complete diversity is not met.

     Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court discussed the meaning of "located" in the context of § 1348, noting that "located" "is not a word of enduring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-106-JST (MLGx)                      Date: April 11, 2012

Title: Ella Bessie Staes Fry v. America's Servicing Company, et al.

rigidity, but one that gains its precise meaning from context . . . ." 546 U.S. at 307 (internal citation and quotation marks omitted). Addressing the facts of the case before it and the possible definitions of "located" proffered by the parties, the Court held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* In reaching this conclusion, the Court observed:

> When Congress enacted § 1348's statutory predecessors and then
> § 1348 itself, a national bank was almost always "located" only in
> the State in which it was "established," under any of the proffered
> definitions of the two words, for, with rare exceptions, a national
> bank could not operate a branch outside its home State. Not until
> 1994 did Congress provide broad authorization for national banks
> to establish branches across state lines.

*Id.* at 314. The Court then noted that "one might read 'established' as referring to the bank's main office as set forth in its articles of association. Other readings mentioned in Court of Appeals opinions are the bank's principal place of business and the place listed in the bank's organization certificate." *Id.* at 315 n.8 (citing *Horton v. Bank One, N.A.*, 387 F.3d 426, 434 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 992 (7th Cir. 2001)). However, "[b]ecause this issue [was] not presented by the parties or necessary to [the] decision, [the Court] express[ed] no opinion on it." *Id.* at 315 n.8.

       Underlying the *Schmidt* Court's holding was its recognition of jurisdictional parity between national association and state-chartered banks, a concept the Court traced to §1348's statutory predecessors. While Congress initially granted national banks the right to sue and be sued in federal court solely because they were national banks, Congress eliminated this right in 1882, when it passed legislation "plac[ing] national banks 'on the same footing as the banks of the state where they were located.'" *Id.* at 309-10 (citing *Leather Mfrs.' Nat. Bank v. Cooper*, 120 U.S. 778, 780 (1887)). In 1887, "Congress replaced the 1882 provision on jurisdiction over national banks and first used the 'located' language today contained in [28 U.S.C.] § 1348." *Schmidt*, 546 U.S. at 310. Notably, "the 1887 Act 'sought to limit . . . the access of national banks to, and their suitability in, the federal courts to the same extent to which non-national banks [were] so limited.'" *Id.* at 311 (citing *Mercantile Nat. Bank at Dallas v. Langdeau*, 371 U.S. 555, 565-66 (1963)). In 1911 revisions, "Congress . . . retained without alteration the clause deeming national banks to be 'citizens of the States in which they are respectively located.'" *Schmidt*, 546 U.S. at 311. "Finally, as part of the 1948 Judicial Code revision, Congress enacted § 1348 in its current form." *Id.* at 311-12.

       The *Schmidt* Court concluded that interpreting "located" to mean every state in which a national bank operates a branch, as the lower court had done, "severely constricts national banks'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-106-JST (MLGx) | Date: April 11, 2012 |
| Title: Ella Bessie Staes Fry v. America's Servicing Company, et al. | |

access to diversity jurisdiction as compared to the access available to corporations generally." *Id.* at 317. In a footnote, the Court recognized:

> To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business. Congress has prescribed that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." The counterpart provision for national banking associations, § 1348, however, does not refer to "principal place of business"; it simply deems such associations "citizens of the States in which they are respectively located." The absence of a "principal place of business" reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.

*Schmidt*, 546 U.S. at 317 n.9 (internal citations omitted).

In 1943, the Ninth Circuit applied § 1348's statutory predecessor to a "rare exception" in which a national bank with its principal place of business in California operated a branch bank in Portland, Oregon. *Am. Surety Co. v. Bank of California*, 133 F.2d 160, 161 (9th Cir. 1943). The Ninth Circuit concluded that the phrase "States in which they are respectively located" meant "those states in which their principal places of business are maintained," and did not include those states in which they simply operated a branch. *Id.* at 162. Reading *Schmidt* together with *American Surety*, and giving effect to both holdings, would mean that a national banking association is a citizen of the state in which its main office, as set forth in its articles of association, is located *and* the state in which it has its principal place of business. *See, e.g., Rouse v. Wachovia Mortg., FSB*, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, at *8-*12 (C.D. Cal. Jan. 13, 2012).[1]

The Court recognizes that other courts—most notably the Eighth Circuit—have concluded that Congress did not intend to "perpetuate jurisdictional parity" when it "introduced principal-place-of-business citizenship for state banks and corporations in § 1332(c)(1)" without making reference to jurisdictional parity or national banks or § 1348. *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 708 (8th Cir. 2011). However, the Court finds the reasoning of *WMR* unpersuasive, particularly because it rests on the assertion that principal-place-of-business

---

[1] While this Court does not believe that *American Surety* remains binding precedent in light of the statutory revision in 1948, the Court finds *American Surety* instructive because we conclude that congressional intent to maintain "jurisdictional parity" applied equally to the enactment of § 1348.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-106-JST (MLGx) | Date:  April 11, 2012 |
| Title:  Ella Bessie Staes Fry v. America's Servicing Company, et al. | |

citizenship was not yet created at the time that § 1348 was enacted, an assertion directly contradicted by *American Surety*. *Id.*  Furthermore, the Court does not find the absence of reference to § 1348 or national banks in § 1332(c) to be significant.  As the *Schmidt* Court observed, until 1994, all of a national bank's branches were likely to be in one state—the same state as its main office and principal place of business.  Therefore, Congress would have had no need to reaffirm jurisdictional parity when enacting § 1332(c).  Finally, the *Schmidt* Court relied heavily on jurisdictional parity to reach its holding.  While the *Schmidt* Court reversed a lower court decision that would have restricted national bank access to federal courts vis-à-vis state banks and corporations, the Court nonetheless reaffirmed jurisdictional parity as an enduring principle.  It would be illogical to suggest that jurisdictional parity can only be invoked when a national bank is at risk of curtailed access to federal court, especially because jurisdictional parity first emerged when Congress sought to *limit* national banks' automatic access to federal courts.

      Accordingly, the Court concludes that a national banking association is a citizen of the state in which it has its principal place of business.  Because Wells Fargo has its principal place of business in California, *see Stewart v. Wachovia Mortg. Co.*, No. CV 11-06108 MMM (AGRx), 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011), the requirement of complete diversity is not met.  Therefore, the Court REMANDS this action to the **Orange County Superior Court, Case No. 30-2011-00532826.**

Initials of Preparer:  enm